**[NOT FOR PUBLICATION—NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

---

No. 00-1540

WILLIAM ROBERTS,

Plaintiff, Appellant,

v.

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

---

Maria Medeiros Wall on brief for appellant.
Margaret E. Curran, United States Attorney, Anthony C.
Digioia, Assistant United States Attorney, and Wayne G. Lewis,
Assistant Regional Counsel, Region I, Social Security
Administration, on brief for appellee.

---

December 28, 2000

---

**Per Curiam**.    After carefully considering the record and briefs on appeal, we affirm the Commissioner's decision for substantially the reasons developed below.

A few issues bear mention.  The claimant argues that he had a spinal disorder listed under 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.05C (other vertebrogenic disorders).  In addition to a primary, vertebrogenic disorder, such a disorder required the simultaneous presence, over a period of at least three months, of pain, muscle spasm, and significant limitation of motion in the spine; and an appropriate radicular distribution of significant motor loss, with muscle weakness and sensory and reflex loss.  20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.05C. Although the record contains evidence that the claimant periodically displayed such symptoms, it does not establish, or compel the inference, that he possessed all of the symptoms simultaneously and for the required period.  The ALJ's finding,  then, was supported by substantial evidence. Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir. 1981)(substantial evidence may support a finding even if the record contains evidence that would also

support a contrary finding, if a reasonable mind reviewing the record as a whole could accept the evidence as confirming the finding).

The claimant also argues that the Commissioner should have given controlling or significant weight to his treating physician's opinion that he had the listed condition. Such an opinion is not, however, a medical opinion entitled to deference, but a conclusion on an issue reserved for the Commissioner. 20 C.F.R. 404.1527(e)(2). Moreover, the opinion was at odds with other medical evidence in the record, including the physician's own findings. 20 C.F.R. 404.1527(d).

Finally, the claimant argues that the ALJ erred in refusing to consider chiropractic records. The claimant misreads the opinion. The ALJ stated only that he refused to credit the chiropractor's conclusion that the claimant was totally disabled. Again, this issue is reserved for the Commissioner. 20 C.F.R. 404.1527(e)(2). Moreover, as the ALJ stated, the chiropractor's opinion was not supported by the record.

Affirmed. Loc. R. 27(c).